## J. C. HAYS *v.* J. L. SPRIGG ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—251.]

**Liability of Deputy Sheriff and His Sureties.**

> The deputy sheriff is liable for all the moneys collected by him and for all that could have been collected; and the principal sheriff has his remedy by action whenever there is a breach of the deputy's bond, whether he has been compelled to account for the breach or not, when such sheriff is liable, on account of such breach, to the state or to third parties.

APPEAL FROM HARDIN CIRCUIT COURT.

September 9, 1882.

OPINION BY JUDGE PRYOR:

The deputy sheriff, and his sureties in this case by the stipulations of the bond, undertook to collect all the taxes due the state and county within a particular district in the county of Hardin. The covenant that he would discharge all the duties of deputy sheriff imposed the obligation upon him, and the further obligation that he would pay over the moneys when collected. It is plain that the deputy is liable for all the moneys collected by him and for all that could have been collected, and the principal sheriff has his remedy by action whenever there is a breach of the deputy's bond, whether he has been compelled to account for the breach or not. It is averred in the petition that the deputy has collected or could have collected by the exercise of proper diligence all this money that he undertook to collect and had failed to pay it over, and there is no reason where there has been a default that the principal should not recover of the deputy in order to make good the default. The breach is a failure to collect and

pay over money belonging to third parties, for which the principal is bound. Now is not the sheriff entitled to recover on a bond like this a sum sufficient to enable him to discharge the debt due this third party, and 'for which he has been made liable by reason of the default of his deputy?

The deputy and his sureties are liable, first, for what taxes were collected and unaccounted for; second, for what taxes could have been collected. The defense may show that the moneys or taxes could not have been collected or that the principal sheriff is not liable to the state or the third party; but to the extent of the sheriff's liability by reason of the acts of his deputy the sureties are bound, the petition averring that the deputy has or could have collected the whole of the money.

In the case of *Robertson v. Morgan,* 3 B. Mon. (Ky.) 307, this court said "shall he [the principal] not be allowed to recover an amount sufficient to pay the debt to the third party to whom he and his sureties are alone liable and the deputy is not?" The principal in that case recovered a judgment although he had not paid the debt. Judgment *reversed* and cause remanded with directions to overrule the demurrer. A motion to make the statements more specific as to the amount collected might prevail but the petition is good on demurrer.

*Wilson, Hobson & Sprigg, for appellant.*
*D. C. Haycraft, for appellees.*